**CITY OF PHILADELPHIA LAW DEPARTMENT**
WILLIAM B. SHUEY, SENIOR ATTORNEY
PA ATTORNEY IDENTIFICATION NO. 208792
1515 ARCH STREET – 15TH FLOOR
PHILADELPHIA, PA  19102-1595
(267) 357-3168 - Telephone
*Attorney for Claimant-In-Interpleader*

---

| | | |
|---|---|---|
| EL AGUILA, COMPANIA DE SEGUROS, S.A. DE C.V., et al. | : | |
|     Plaintiffs-In-Interpleader | : | |
| | : | |
| v. | : | CIVIL ACTION No. 2:25-cv-03464-MRP |
| | : | |
| FIDELITY AND GUARANTY INSURANCE COMPANY, et al., | : | |
|     Claimant-In-Interpleader | : | |

---

### ANSWER OF CLAIMAINT-IN-INTERPLEADER, CITY OF PHILADELPHIA, TO PLAINTIFFS-IN-INTERPLEADER COMPLAINT IN INTERPLEADER

Claimant-In-Interpleader City of Philadelphia ("City") hereby submits this Answer to the Complaint In Interpleader with a statement of claim and affirmative defenses and states as follows:

### INTRODUCTION

1. Admitted.

2. Admitted.

3. Denied. The City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them. Moreover, the corresponding paragraph(s) contain conclusions of law to which no response is required.

4. Denied. The City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

5. Denied. The City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

6. Denied. The City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

7. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

8. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

9. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

## BACKGROUND

10. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

11. Admitted.

12. Admitted

13. Admitted.

14. Denied. To the extent that this paragraph references a written document that document speaks for itself and any characterization thereof is denied.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted. In addition, the City of Philadelphia incurred costs in relation to its response to the crash.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted only to the extent that it related to City. Moreover, the City affirmatively asserts claims for property damage and other costs, such as but not limited to the personnel costs associated with the City's response to the crash in a total amount no less than $2,555,897.58. Otherwise denied. As to the allegations regarding parties other than the City, the averments contained in the corresponding paragraph are addressed to defendants other than the City and the City is therefore advised that no further answer is required to these averments.

24 – 31. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the City and the City is therefore advised that no further answer is required to these averments.

32. Denied. The City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

33. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

34. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

35. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

36. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

37. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

38. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

39. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without

knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

40. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

41. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

42. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

43. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

## JURISDICTION AND VENUE

44. Denied. The City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them. Moreover, the corresponding paragraph(s) contain conclusions of law to which no response is required.

45. Denied. The City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them. Moreover, the corresponding paragraph(s) contain conclusions of law to which no response is required.

46. Admitted.

## THE PARTIES

47. Denied. The City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

48. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

49. Denied. The City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

50. Denied. The City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

51 – 220. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the City and the City is therefore advised that no further answer is required to these averments.

221. Denied as Stated. Admitted to the extent that the City of Philadelphia is a political subdivision of the Commonwealth of Pennsylvania duly organized and existing under the laws of the Commonwealth of Pennsylvania with business offices for purposes of this litigation only, located at 14th Floor, One Parkway Building, 1515 Arch Street, Philadelphia 19102-1595.

222. Admitted. Moreover, the City affirmatively asserts claims for property damage and other costs, such as but not limited to the personnel costs associated with the City's

response to the crash in a total amount no less than $2,555,897.58. This assertion is without limitation to future statements of claim that may arise.

223. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the City and the City is therefore advised that no further answer is required to these averments.

224. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the City and the City is therefore advised that no further answer is required to these averments.

225. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the City and the City is therefore advised that no further answer is required to these averments.

## THE AIRCRAFT CRASH AND CLAIMS

226. Admitted.

227. Admitted.

228. Admitted.

229. Admitted.

230. Admitted.

231. Admitted.

232. Admitted.

233. Admitted. The City of Philadelphia provided crucial information, emergency response, and support for people affected by the crash, to the expense of the City.

234. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the City and the City is therefore advised that no further answer is required to these averments.

235. Denied. The City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

236. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

## FIRST CAUSE OF ACTION

237. The Claimant-In-Interpleader, City of Philadelphia, incorporates by reference its answers to paragraphs 1 through 236, inclusive, as fully as though the same were here set forth at length.

238. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them. Additionally, to the extent that this paragraph references a written document that document speaks for itself and any characterization thereof is denied.

239. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations

in this paragraph and therefore denies them. Additionally, to the extent that this paragraph references a written document that document speaks for itself and any characterization thereof is denied.

240. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them. Additionally, to the extent that this paragraph references a written document that document speaks for itself and any characterization thereof is denied.

241. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them. Additionally, to the extent that this paragraph references a written document that document speaks for itself and any characterization thereof is denied.

242. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them. Additionally, to the extent that this paragraph references a written document that document speaks for itself and any characterization thereof is denied.

243. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without

knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them. Additionally, to the extent that this paragraph references a written document that document speaks for itself and any characterization thereof is denied.

244. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Additionally, to the extent that this paragraph references a written document that document speaks for itself and any characterization thereof is denied.

245. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Additionally, to the extent that this paragraph references a written document that document speaks for itself and any characterization thereof is denied.

246. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the City and the City is therefore advised that no further answer is required to these averments.

247. Admitted only to the extent that it related to City. Moreover, the City affirmatively asserts claims for property damage and other costs, such as but not limited to the personnel costs associated with the City's response to the crash in a total amount no less than $2,555,897.58. Otherwise denied. As to the allegations regarding parties other than the City, the averments contained in the corresponding paragraph are addressed to defendants other than the City and the City is therefore advised that no further answer is required to these averments.

248. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the City and the City is therefore advised that no further answer is required to these averments.

249. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

250. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

251. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

252. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

253. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

254. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the City, after reasonable investigation, is without

knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

255. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

WHEREFORE, the City of Philadelphia, Claimant-In-Interpleader, respectfully requests that this Court Deny the release and discharge of the Plaintiffs, and thereafter award to the City of Philadelphia its costs and Claims as asserted herein.

## STATEMENT OF CLAIM

256. The City affirmatively asserts claims against each of the Plaintiffs-In-Interpleader for property damage and other costs, such as but not limited to the personnel costs associated with the City's response to the crash, in a total amount no less than $2,555,897.58.

257. The City asserts its claims against Plaintiffs-In-Interpleader without waiver of any future claim for indemnity or contribution against Plaintiffs-In-Interpleader, whether based in common law or contract, for any damages asserted by any party against the City of Philadelphia in relation to the subject Aircraft Crash.

WHEREFORE, the City of Philadelphia, Claimant-In-Interpleader, respectfully requests that this Court grant its claims against Plaintiffs-In-Interpleader, and further, that any discharge of liability be limited only to the City's direct claims for damages against Plaintiffs, but not any claims for contribution or indemnity.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Complaint In Interpleader fails to state a claim against upon which relief may be granted.

### SECOND DEFENSE

Upon information and belief, Plaintiffs' claims are barred, in whole or in part, based upon the doctrines of waiver and estoppel.

### THIRD DEFENSE

Upon information and belief, Plaintiffs' release and discharge are barred, in whole or in part, by Plaintiffs' own conduct which evidences a lack of equity.

### FOURTH DEFENSE

Whether the stated insurance policy is sufficient to cover all claims is impossible to know until all claims are asserted. The City reserves the right to amend its claims accordingly.

### FIFTH DEFENSE

The City of Philadelphia does not waive its rights to assert claims for contribution or indemnity against the Plaintiffs-In-Interpleader, or any other party, whether based in common law or contract, for any damages asserted by any party against the City of Philadelphia in relation to the subject Aircraft Crash. Allowing discharge of any such claims through the instant action would be inequitable and unfairly prejudicial to the City.

### SIXTH DEFENSE

The City asserts all the defenses, immunities, and limitations of damages available to it under the "Political Subdivision Tort Claims Act" relating to any claims brought by any party against it. Act of Oct. 5, 1980, No. 142, P.L. 693, 42 Pa. C.S.A. §8541 et seq.

CITY OF PHILADELPHIA

LAW DEPARTMENT

BY:     */s/ William B. Shuey*
          William B. Shuey, Senior Attorney
          City of Philadelphia Law Department

        Affirmative and Special Litigation
        One Parkway Building, 15th Floor
        1515 Arch Street, 15th Floor
        Philadelphia, PA 19102-1595
        Tel: (267) 357-3168
        William.Shuey@phila.gov
        *Counsel for Claimant-In-Interpleader*

DATED: August 26, 2025

## **CERTIFICATE OF SERVICE**

  I hereby certify that on the date below, I filed foregoing Answer to Complaint by Notice of Docket Activity sent automatically by CM/ECF on the following counsel who are registered as CM/ECF filing users who have consented to acting electronic service through CM/ECF:

             */s/ William B. Shuey*
             William B. Shuey, Senior Attorney
             City of Philadelphia Law Department
             PA Attorney I.D. No. 208792
             1515 Arch Street, 15th Floor
             Philadelphia, PA 19102
             Phone: (267) 357-3168
             Fax: (215) 683-5299
             William.Shuey@phila.gov

DATED: August 26, 2025