UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EL ÁGUILA, COMPAÑÍA DE SUGUROS, S.A. DE C.V., et al.<br><br>Plaintiffs-In-Interpleader,<br><br>v.<br><br>FIDELITY AND GUARANTY INSURANCE COMPANY, et al.<br><br>Defendants-In-Interpleader. | Civil Action No. 2:25-cv-03464 |

**DEFENDANTS-IN-INTERPLEADER, NATIONWIDE MUTUAL INSURANCE COMPANY, J&J PROPERTIES, LLC, RAE L. NATALE, DOLORES McCARTHY, and ALBERTA McCARTHY'S ANSWER TO PLAINTIFFS-IN-INTERPLEADER'S COMPLAINT**

Defendants-In-Interpleader, Nationwide Mutual Insurance Company, J&J Properties, LLC, Rae L. Natale, Dolores McCarthy, and Alberta McCarthy (hereinafter "DII"), hereby submit this Answer to the Complaint-In-Interpleader with a statement of claim and affirmative defenses, and states as follows:

**INTRODUCTION**

1. Admitted.

2. Admitted.

3. Denied. DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph, and therefore, deny them. Moreover, the corresponding paragraph(s) contain conclusions of law to which no

response is required.

4. Denied. DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

5. Denied. DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

6. Denied. DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

7. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

8. Denied. DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them. The corresponding paragraph(s) contain conclusions of law to which no response is required.

9. Denied. DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them. The corresponding paragraph(s) contain conclusions of law to which no response is required.

## **BACKGROUND**

10. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

11. Admitted.

12. Admitted

13. Admitted.

14. Denied. To the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted only to the extent that it related to the DII herein, Nationwide Mutual Insurance Company, J&J Properties, LLC, Rae L. Natale, Dolores McCarthy, and Alberta McCarthy. Moreover, the DII affirmatively assert claims for property damage and other costs, such as but not limited to the personnel costs associated with the City's response to the crash in a total amount in excess of $3,000,000. Otherwise denied. As to the allegations regarding parties other than the DII, the averments contained in the corresponding paragraph are addressed to defendants other than the DII, and the DII are therefore advised that no further answer is required to these averments.

24. Admitted.

25–31. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the DII herein, and the DII herein are therefore advised that no further answer is required to these averments.

32. Denied. DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

33. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII herein, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

34. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

35. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

36. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

37. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

38. Denied. The corresponding paragraph(s) contain conclusions of law to which no

response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

39. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

40. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

41. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

42. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

43. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

### JURISDICTION AND VENUE

44. Denied. The DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them. Moreover, the corresponding paragraph(s) contain conclusions of law to which no response is required.

45. Denied. The DII, after reasonable investigation, are without knowledge or information

sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them. Moreover, the corresponding paragraph(s) contain conclusions of law to which no response is required.

46. Admitted.

47. Denied. The DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

48. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

49. Denied. The DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

50. Denied. The DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

51–56. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the DII, and the DII are therefore advised that no further answer is required to these averments.

57. Admitted.

58. Admitted.

59-95. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the DII, and the DII are therefore advised that no further answer is required to these averments.

96. Admitted.

97. Admitted.

98. Admitted.

99. Admitted.

100. Admitted.

101. Admitted.

102. Admitted.

103. Admitted.

104-222.  Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the DII, and the DII are therefore advised that no further answer is required to these averments.

223. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the DII, and the DII is therefore advised that no further answer is required to these averments.

224. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the DII, and the DII are therefore advised that no further answer is required to these averments.

225. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the DII, and the DII are therefore advised that no further answer is required to these averments.

## THE AIRCRAFT CRASH AND CLAIMS

226. Admitted.

227. Admitted.

228. Admitted.

229. Admitted.

230. Admitted.

231. Admitted.

232. Admitted.

233. Admitted.

234. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the DII, and the DII are therefore advised that no further answer is required to these averments.

235. Denied. The DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

236. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

## FIRST CAUSE OF ACTION

237. The DII incorporate by reference its answers to paragraphs 1 through 236, inclusive, as fully as though the same were here set forth at length.

238. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and

therefore deny them. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

239. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

240. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

241. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

242. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

243. Denied. The corresponding paragraph(s) contain conclusions of law to which no

response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

244. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

245. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

246. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the DII, and the DII are therefore advised that no further answer is required to these averments.

247. Admitted only to the extent that it related to the DII herein, Nationwide Mutual Insurance Company, J&J Properties, LLC, Rae L. Natale, Dolores McCarthy, and Alberta McCarthy. Moreover, the DII affirmatively assert claims for property damage and other costs, in a total amount no less than $3,000,000. Otherwise denied. As to the allegations regarding parties other than the DII, the averments contained in the corresponding paragraph are addressed to defendants other than the DII and the DII are therefore advised that no further answer is required to these averments.

248. Denied. The averments contained in the corresponding paragraph(s) are addressed to defendants other than the DII, and the DII are therefore advised that no further answer is required to these averments.

249. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

250. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

251. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required.

252. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

253. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

254. Denied. The corresponding paragraph(s) contain conclusions of law to which no response is required. Moreover, the DII, after reasonable investigation, are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore deny them.

255. Denied. The corresponding paragraph(s) contain conclusions of law to which no

response is required.

WHEREFORE, Defendants-In-Interpleader, Nationwide Mutual Insurance Company, J&J Properties, LLC, Rae L. Natale, Dolores McCarthy, and Alberta McCarthy, respectfully request that this Court Deny the release and discharge of the Plaintiffs, and thereafter award to the Defendants-In-Interpleader, Nationwide Mutual Insurance Company, J&J Properties, LLC, Rae L. Natale, Dolores McCarthy, and Alberta McCarthy its costs and Claims as asserted herein.

## STATEMENT OF CLAIM

256. The DII affirmatively assert claims against each of the Plaintiffs-In-Interpleader for property damage and other costs, in a total amount no less than $3,000,000.00, the total amount which is unknown as the adjustment of these claims continues.

257. The DII assert their claims against Plaintiffs-In-Interpleader without waiver of any future claim for indemnity or contribution against Plaintiffs-In-Interpleader, whether based in common law or contract, for any damages asserted by any party against the DII in relation to the subject Aircraft Crash.

WHEREFORE, Defendants-In-Interpleader, Nationwide Mutual Insurance Company, J&J Properties, LLC, Rae L. Natale, Dolores McCarthy, and Alberta McCarthy respectfully request that this Court grant its claims against Plaintiffs-In-Interpleader, and further, that any discharge of liability be limited only to the Defendants-In-Interpleader, Nationwide Mutual Insurance Company, J&J Properties, LLC, Rae L. Natale, Dolores McCarthy, and Alberta McCarthy's direct claims for damages against Plaintiffs, but not any claims for contribution or indemnity.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

258.  The Complaint In Interpleader fails to state a claim against upon which relief may be granted.

### SECOND DEFENSE

259.  Upon information and belief, Plaintiffs' claims are barred, in whole or in part, based upon the doctrines of waiver and estoppel.

### THIRD DEFENSE

260.  Upon information and belief, Plaintiffs' release and discharge are barred, in whole or in part, by Plaintiffs' own conduct, which evidences a lack of equity.

### FOURTH DEFENSE

261.  Whether the stated insurance policy is sufficient to cover all claims is impossible to know until all claims are asserted. The DII reserve the right to amend their claims accordingly.

### FIFTH DEFENSE

262.  The DII do not waive their rights to assert claims for contribution or indemnity against the Plaintiffs-In-Interpleader, or any other party, whether based in common law or contract, for any damages asserted by any party against the DII in relation to the subject Aircraft Crash. Allowing discharge of any such claims through the instant action would be inequitable and unfairly prejudicial to the DII.

                                       /s/ Michael F. Wallace
                                       Michael F. Wallace (PA I.D. No. 84195)
                                       Law Offices of Robert A. Stutman, P.C.
                                       20 E. Taunton Road, Suite 403
                                       Berlin, NJ 08009
                                       T: (856) 767-6800 ext. 14
                                       Email: wallacem@stutmanlaw.com
                                       *Attorney for Defendants Nationwide Mutual Insurance Company, J&J Properties, LLC, Rae L. Natale, Dolores McCarthy, and Alberta McCarthy*

DATED: August 29, 2025

## **CERTIFICATE OF SERVICE**

I hereby certify that, on the date below, I filed the foregoing Answer to Complaint via CM/ECF, with copies being sent by Notice of Docket Activity served on all counsel of record who are registered as CM/ECF filing users and who have consented to receiving electronic service through CM/ECF.

                                       /s/ Michael F. Wallace
                                       Michael F. Wallace (PA I.D. No. 84195)
                                       Law Offices of Robert A. Stutman, P.C.
                                       20 E. Taunton Road, Suite 403
                                       Berlin, NJ 08009
                                       T: (856) 767-6800 ext. 14
                                       Email: wallacem@stutmanlaw.com
                                       *Attorney for Defendants Nationwide Mutual Insurance Company, J&J Properties, LLC, Rae L. Natale, Dolores McCarthy, and Alberta McCarthy*

DATED: August 29, 2025