IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EL ÁGUILA, COMPAÑÍA DE SEGUROS, S.A. DE C.V.; and MED JETS, S.A. DE C.V.;** | C.A. No.:  2:25-cv-03464-MRP |
| Plaintiffs-In-Interpleader | |
| v. | |
| **FIDELITY AND GUARANTY INSURANCE COMPANY, et. al.** | |
| Defendants/Claimants-In-Interpleader | |
| and | |
| **ALLSTATE INDEMNITY INS. CO.** | |
| and | |
| **ALLSTATE VEHICLE AND PROPERTY INS. CO.** | |
| and | |
| **ALLSTATE FIRE AND CASULTY INS. CO.** | |
| and | |
| **ALLSTATE INS. CO.** | |
| and | |
| **ALLSTATE NORTH AMERICAN INS. CO.** | |
| and | |
| **ENCOMPASS INS. CO.** | |
| Intervenor-Defendants/ Claimants-In-Interpleader. | |

### ANSWER OF ALLSTATE INSURANCE COMPANIES AND ENCOMPASS INSURANCE COMPANY

Intervenors-Defendants/Claimants-In-Interpleader, Allstate Indemnity Insurance Company (as subrogee of Kim Burden, Hao Chen, Kevin Hong and Ren de Lin); and Allstate Vehicle and Property Insurance Company (as subrogee of Marlena Emmanuel and George Graham); and Allstate Fire and Casualty Insurance Company (as subrogee of Le'Bria Fletcher, Walid Gomaa, and Carol Victor); and Allstate Insurance Company (as subrogee of Paula Gomez); and Allstate North American Insurance Company (as subrogee of Terrell Hill); and Encompass Insurance Company (as subrogee of Darlene Vidallon), hereby submit this Answer to the Complaint-In-Interpleader with a Statement of Claim and Affirmative Defenses, and state as follows:

### INTRODUCTION

1. Admitted.

2. Admitted.

3. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Moreover, the corresponding paragraph contains conclusions of law to which no response is required.

4. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

5. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations in this paragraph and, therefore, deny them.

6. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

7. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Moreover, the corresponding paragraph contains conclusions of law to which no response is required.

8. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Moreover, the corresponding paragraph contains conclusions of law to which no response is required.

9. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Moreover, the corresponding paragraph contains conclusions of law to which no response is required.

## **BACKGROUND**

10. Denied. The corresponding paragraph contains conclusions of law to which no response is required.

11. Admitted.

12. Admitted.

13. Admitted.

14. Denied. To the extent that this paragraph references a written

document, that document speaks for itself and any characterization thereof is denied.

15. Admitted.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted.

20. Admitted.

21. Admitted.

22. Admitted.

23. Admitted to the extent that this paragraph relates to Paula Gomez, Hao Chen and Kimberly Burden. Allstate claims subrogation damages for all of its insureds, including the foregoing, in the amount of at least $594,016.34. Encompass seeks subrogation damages for its insured, Darlene Vidallon, in the amount of $18,256.03. As to the allegations regarding parties other than foregoing, the averments are addressed to claimants other than Intervenors-Defendants' insureds and, Intervenors-Defendants are therefore advised that no further answer is required for these averments.

24. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. By way of further answer, Intervenors-Defendants are, themselves, making subrogation claims as a result of payments made or to be made for claims made by their insureds as a result of the aircraft crash on January 31, 2025.

25-27.   Denied. The averments in these paragraphs are addressed to defendants other than Intervenors-Defendants and Intervenors-Defendants are therefore advised that no further answer is required for these averments.

28-31.   Denied as stated. By way of further answer, Intervenors-Defendants are subrogees of insureds who sustained property damage as a result of the aircraft crash on January 31, 2025.

32.   Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

33.   Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Moreover, the corresponding paragraph contains conclusions of law to which no response is required.

34.   Denied. The corresponding paragraph contains conclusions of law to which no response is required.

35.   Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Moreover, the corresponding paragraph contains conclusions of law to which no response is required.

36.   Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Moreover, the corresponding paragraph contains conclusions of law to which no response is required.

37. Denied. The corresponding paragraph contains conclusions of law to which no response is required.

38. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Moreover, the corresponding paragraph contains conclusions of law to which no response is required.

39. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

40. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Moreover, the corresponding paragraph contains conclusions of law to which no response is required.

41. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

42. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Moreover, the corresponding paragraph contains conclusions of law to which no response is required.

43. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Moreover, the corresponding

paragraph contains conclusions of law to which no response is required.

## JURISDICTION AND VENUE

44. Admitted.

45. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Moreover, the corresponding paragraph contains conclusions of law to which no response is required.

46. Admitted.

## THE PARTIES

47. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

48. Denied. The corresponding paragraph contains conclusions of law to which no response is required.

49. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

50. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

51-138. Denied. The averments in these paragraphs are addressed to defendants other than Intervenors-Defendants and Intervenors-Defendants are therefore advised that no further answer is required for these averments.

139. Admitted.

140. Admitted

141-188. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

189. Admitted.

190. Admitted.

191-225. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

## THE AIRCRAFT CRASH AND CLAIMS

226. Admitted.

227. Admitted.

228. Admitted.

229. Admitted.

230. Admitted.

231. Admitted.

232. Admitted.

233. Admitted.

234. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. In addition, the averments in this paragraph are addressed to defendants other than Intervenors-Defendants and

Intervenors-Defendants are therefore advised that no further answer is required for these averments.

235. Denied. After a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. In addition, the averments in this paragraph are addressed to defendants other than Intervenors-Defendants and Intervenors-Defendants are therefore advised that no further answer is required for these averments.

236. Denied. This paragraph contains conclusions of law to which no response is required. Moreover, after a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

## **FIRST CAUSE OF ACTION**

237. Intervenor-Defendants incorporate by reference their answers to paragraphs 1 through 236 as if fully set forth herein.

238. Denied. This paragraph contains conclusions of law to which no response is required. Moreover, after a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

239. Denied. This paragraph contains conclusions of law to which no response is required. Moreover, after a reasonable investigation, Intervenors-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

240. Denied. This paragraph contains conclusions of law to which no response is required. Moreover, after a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

241. Denied. This paragraph contains conclusions of law to which no response is required. Moreover, after a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

242. Denied. This paragraph contains conclusions of law to which no response is required. Moreover, after a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

243. Denied. This paragraph contains conclusions of law to which no

response is required. Moreover, after a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

244. Denied. This paragraph contains conclusions of law to which no response is required. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

245. Denied. This paragraph contains conclusions of law to which no response is required. Additionally, to the extent that this paragraph references a written document, that document speaks for itself and any characterization thereof is denied.

246. Denied. The averments in this paragraph are addressed to defendants other than Intervenors-Defendants and Intervenors-Defendants are therefore advised that no further answer is required for these averments.

247. Admitted to the extent that it relates to Hao Chen and Kim Burden. As to the allegations regarding parties other than foregoing, the averments are addressed to claimants other than Intervenors-Defendants' insureds and, Intervenors-Defendants are therefore advised that no further answer is required for these averments.

248. Denied. The averments in this paragraph are addressed to defendants other than Intervenors-Defendants and Intervenors-Defendants are therefore advised that no further answer is required for these averments.

249. Denied. This paragraph contains conclusions of law to which no response is required. Moreover, after a reasonable investigation, Intervenors-

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

250. Denied. This paragraph contains conclusions of law to which no response is required. Moreover, after a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

251. Denied. This paragraph contains conclusions of law to which no response is required.

252. Denied. This paragraph contains conclusions of law to which no response is required. Moreover, after a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

253. Denied. This paragraph contains conclusions of law to which no response is required. Moreover, after a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

254. Denied. This paragraph contains conclusions of law to which no response is required. Moreover, after a reasonable investigation, Intervenors-Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and, therefore, deny them.

255. Denied. This paragraph contains conclusions of law to which no response is required.

WHEREFORE, Intervenors-Defendants/Claimants-In-Interpleader, Allstate Indemnity Company, Allstate Vehicle and Property Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company and Allstate North American Insurance Company (collectively, "Allstate"), and Encompass Insurance, respectfully request that this Court award Intervenors-Defendants/Claimants-In-Interpleader their share of the Remaining Liability Limits as set forth in their Statement of Claims.

## STATEMENT OF CLAIM

256. Allstate affirmatively asserts claims to the Remaining Liability Limits for subrogated property damages and other costs in the amount of at least $594,016.34.

257. Encompass affirmatively asserts claims to the Remaining Liability Limits for subrogated property damages and other costs to be paid in the amount of $18,256.03.

258. Intervenors-Defendants assert their claims without waiver of any future claim for indemnity or contribution against Plaintiffs, whether based in common law or contract, for any damages asserted by any party against Intervenor-Defendants in relation to the subject aircraft crash.

WHEREFORE, Intervenors-Defendants/Claimants-In-Interpleader, Allstate Indemnity Company, Allstate Vehicle and Property Insurance Company, Allstate Fire and Casualty Insurance Company, Allstate Insurance Company and Allstate North American Insurance Company (collectively, "Allstate"), and Encompass Insurance Company, respectfully request that this Court award Intervenors-Defendants/Claimants-In-Interpleader their share of the Remaining Liability Limits as set forth in their Statement of Claims.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

259. The Complaint in Interpleader fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

260. Upon information and belief, Plaintiffs claims are barred, in whole or in part, based upon the doctrines of waiver and estoppel.

### THIRD DEFENSE

261. Upon information and belief, Plaintiffs' release and discharge are barred, in whole or in part, by Plaintiffs own conduct, which evidences a lack of equity.

### FOURTH DEFENSE

262. Whether the stated insurance policy is sufficient to cover all claims is impossible to know until all claims are asserted. Intervenors-Defendants reserve their right to amend their claims according.

### FIFTH DEFENSE

263. Intervenors-Defendants do not waive their right to assert claims for contribution or indemnity against Plaintiffs, or any other party, whether based in common law or contract, for any damages asserted by any party against Intervenors-Defendants in relation to the subject aircraft crash. Allowing discharge of any such claims through the instant action would be inequitable and unfairly prejudicial to Intervenors-Defendants.

                                                    **de LUCA LEVINE LLC**

**BY:** _____
        RAYMOND E. MACK, ESQUIRE
        STEVEN J. PAYNE, ESQUIRE
        *Attorneys for Defendants/Claimants/In-Interpleader Allstate Indemnity Co., Allstate Vehicle & Property Ins. Co., Allstate Fire & Casualty Ins. Co., Allstate Ins. Co., Allstate North American Ins. Co., and Encompass Insurance Company.*

Dated: 11/18/2025

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EL ÁGUILA, COMPAÑÍA DE SEGUROS, S.A. DE C.V.; and MED JETS, S.A. DE C.V.;<br><br>    Plaintiffs-In-Interpleader<br><br>     v.<br><br>FIDELITY AND GUARANTY INSURANCE COMPANY, et. al.<br><br>    Defendants/Claimants-In-Interpleader | CIVIL ACTION NO.:  2:25-cv-03464-MRP |

## **CERTIFICATE OF SERVICE**

I, Steven J. Payne, hereby certify that a true and correct copy of the proposed Answer was served on November 18, 2025, upon counsel of record via electronic filing.

                              de LUCA LEVINE LLC

BY: _____
RAYMOND E. MACK, ESQUIRE
STEVEN J. PAYNE, ESQUIRE
*Attorneys for Defendants/Claimants/In-Interpleader Allstate Indemnity Co., Allstate Vehicle & Property Ins. Co., Allstate Fire & Casualty Ins. Co., Allstate Ins. Co., Allstate North American Ins. Co., and Encompass Insurance Company.*