IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

EL AGUILA, COMPANIA DE          :
SEGUROS, S.A. DE C.V., et al.    :
                                 :
   *Plaintiffs-In-Interpleader*     :
                                 :
v.                               :          CIVIL ACTION NO. 25-3464
                                 :
FIDELITY AND GUARANTY            :
INSURANCE COMPANY, et al.        :
                                 :
   *Claimants-In-Interpleader*      :

**MEMORANDUM**

**Perez, J.**                                                 **July 1, 2026**

Before the Court is the Motion to Dismiss Med Jets S.A. de C.V. ("Med Jets") as a Plaintiff-in-Interpleader filed by Jamie Vasquez Viana, individually and as parent and natural guardian of R.R.D.V., a minor, the Estate of Dominique Goods Burke, the Estate of Steven Dreuitt, the Estate of Lizeth Murillo Osuna, and the Estate of Raul Meza Arredondo (collectively, the "Moving Claimants"). ECF No. 127. Med Jets opposes the Motion. ECF No. 129. El Aguila, Compania de Seguros, S.A. de C.V. ("El Aguila") joins Med Jets's opposition. ECF No. 130.

The Moving Claimants do not seek dismissal of El Aguila or dismissal of this interpleader action as a whole. Instead, they ask the Court to dismiss Med Jets only, arguing that Med Jets is not a proper plaintiff-in-interpleader because it is the insured owner/operator of the aircraft involved in the underlying crash, is not a neutral stakeholder, did not deposit its own separate fund into the Court registry, and cannot use interpleader to limit its tort liability. Med Jets responds that it is not seeking a discharge, liability cap, or "bill of peace," but only to participate in the orderly

1

distribution of the remaining limits of the El Aguila policy because that distribution directly affects Med Jets's policy benefits and potential exposure.

For the reasons below, the Court will deny the Motion to Dismiss. The Court agrees, however, that Med Jets is not best aligned as a plaintiff-in-interpleader. El Aguila is the stakeholder depositing the policy proceeds; Med Jets is the insured whose defense and indemnity benefits are affected by the distribution of those proceeds. The Court will therefore realign Med Jets as a claimant-defendant for the limited purpose of participating in the allocation and distribution of the interpleaded policy proceeds.

## I.    BACKGROUND

This case arises from the tragic January 31, 2025, crash of a Learjet 55 medevac aircraft in Philadelphia. The Complaint asserts that the aircraft was owned and operated by Med Jets, that all six people aboard the aircraft were killed, that two people on the ground were killed, and that numerous others suffered injuries or property damage. ECF No. 1 ¶¶ 1, 2, 16.

At the time of the crash, Med Jets was insured under an aviation liability policy issued by El Aguila. *Id*. ¶ 3. The policy provides liability coverage with a $10 million limit. *Id*. ¶ 4. Plaintiffs allege that the claims arising from the crash are expected to exceed the remaining policy limits. *Id*. ¶ 38. El Aguila and Med Jets therefore filed this action under 28 U.S.C. § 1335 to bring actual and potential claimants before the Court and to allow the remaining policy proceeds to be distributed equitably. *Id*. ¶ 40.

The Moving Claimants now move under Federal Rule of Civil Procedure 12(b)(6) to dismiss Med Jets as a plaintiff-in-interpleader. ECF No. 127. They do not challenge El Aguila's ability to proceed as the stakeholder, and they do not ask the Court to dismiss the interpleader action.

2

## II.    LEGAL STANDARDS

A Rule 12(b)(6) motion tests the sufficiency of the complaint. In considering a motion to dismiss, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). To survive dismissal, the complaint must contain sufficient factual matter to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Statutory interpleader is governed by 28 U.S.C. § 1335. Section 1335 provides jurisdiction over an action of interpleader or in the nature of interpleader where a stakeholder has custody or possession of money or property of $500 or more, or has issued a policy or other instrument of that value, and two or more adverse claimants of diverse citizenship claim or may claim entitlement to the money, property, or "one or more of the benefits arising by virtue of" the policy or other instrument. 28 U.S.C. § 1335(a)(1). The plaintiff must deposit the disputed money or property into the registry of the Court or provide an appropriate bond. *Id*. § 1335(a)(2).

Interpleader generally proceeds in two stages. First, the Court determines whether interpleader is proper and whether the stakeholder should be discharged. Second, the Court determines the rights of the claimants to the interpleaded fund. *N.Y. Life Distrib., Inc. v. Adherence Grp., Inc.,* 72 F.3d 371, 375 (3d Cir. 1995); *Lexington Ins. Co. v. Jacobs Indust. Maintenance Co*., 435 F. App'x 144, 146 (3d Cir. 2011).

The Court also has authority to correct party alignment. Rule 21 provides that "[m]isjoinder of parties is not a ground for dismissing an action" and that, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. Courts also may align

3

parties according to their real interests in the dispute. *See City of Indianapolis v. Chase Nat'l Bank*, 314 U.S. 63, 69 (1941).

### III.   DISCUSSION

### A.  Med Jets Has a Sufficient Interest in the Policy Proceeds to Remain in the Case.

The Moving Claimants argue Med Jets must be dismissed because it is not a neutral stakeholder and has not deposited its own assets into the Court registry. The distinction between El Aguila and Med Jets is dispositive. El Aguila issued the policy and bears responsibility for depositing the remaining policy proceeds. Med Jets did not issue the policy; it is the insured and the alleged owner/operator of the aircraft involved in the underlying crash.

However, that does not mean Med Jets has no place in this interpleader action. Section 1335 expressly covers claims not only to money or property, but also to "one or more of the benefits arising by virtue of" a policy. 28 U.S.C. § 1335(a)(1). Med Jets alleges that it is insured under the El Aguila policy and that the distribution of the remaining limits will affect its defense and indemnity benefits. El Aguila similarly explains that Med Jets is receiving a defense under the policy, that those benefits exhaust upon payment of the remaining limits, and that Med Jets has an interest in how the remaining limits are used to resolve claims.

Med Jets should remain in the case because the distribution of the policy proceeds will directly affect the insurance benefits it purchased. Those proceeds may be used to fund covered settlements or judgments against Med Jets, reduce Med Jets's exposure to claimants, and potentially exhaust its defense and indemnity benefits under the El Aguila policy. Med Jets therefore has a practical and policy-based interest in ensuring that the limited proceeds are distributed fairly among legitimate claimants. Dismissing Med Jets entirely would exclude the

insured whose coverage is being allocated and whose interests are directly affected by that allocation. Thus, the Court will not dismiss Med Jets from the action.

### B. Med Jets Is Not Entitled to Stakeholder Protections Beyond the Policy Proceeds.

The Moving Claimants rely on the principle that interpleader is not available to a wrongdoer seeking to avoid liability. They cite *Prudential Insurance Co. of America v. Hovis*, where the Third Circuit explained that interpleader is equitable and that "a party seeking interpleader must be free from blame in causing the controversy." 553 F.3d 258, 263 (3d Cir. 2009). They also rely on *Farmers Irrigating Ditch & Reservoir Co. v. Kane,* where the Tenth Circuit held that an admitted tortfeasor could not tender a minimal sum into court and obtain discharge from extensive tort liability. 845 F.2d 229, 232 (10th Cir. 1988).

Those cases identify an important limitation on interpleader relief, but they do not require dismissal of Med Jets here. The core concern is that an alleged tortfeasor may not use interpleader to cap its liability or force all related tort claims into one proceeding. *See Hovis*, 553 F.3d at 264 n.4. The Supreme Court made the same point in *State Farm Fire & Casualty Co. v. Tashire*, explaining that interpleader is not an all-purpose "bill of peace" for mass-tort litigation and that the existence of a limited insurance fund cannot be used to control claims that exceed the needs of an orderly contest over that fund. 386 U.S. 523, 533–35 (1967).

The Court can preserve Med Jets's role in the interpleader while still enforcing that boundary. Med Jets may remain in the case to protect its interest in how the El Aguila policy proceeds are allocated, but its participation stops there. The interpleader cannot be used to convert a limited insurance fund into a shield against broader tort liability. Thus, Med Jets may be heard on issues involving the valuation, settlement, and distribution of claims against the policy proceeds, but it may not obtain a discharge from crash-related liability, cap its exposure at the

policy limits, or prevent claimants from pursuing separate tort claims against it for amounts beyond or apart from the interpleaded proceeds. This limitation addresses the Moving Claimants' principal concern. Claimants remain free to pursue independent tort claims against Med Jets outside this interpleader to the extent they seek recovery beyond or apart from the policy proceeds. Nothing in this Memorandum or the accompanying Order discharges Med Jets, limits Med Jets's liability to the policy proceeds, or bars claimants from pursuing Med Jets's non-policy assets.

### C.  Realignment as a Claimant-Defendant Is the Proper Case-Management Solution.

Although Med Jets will not be dismissed, the Court agrees that Med Jets is not best described as a plaintiff-in-interpleader. El Aguila is the stakeholder that issued the policy and is depositing the policy proceeds. Med Jets is the insured whose policy benefits are affected by the distribution of those proceeds. Leaving Med Jets aligned as a plaintiff-in-interpleader risks suggesting that Med Jets is a neutral stakeholder entitled to discharge or other traditional stakeholder protections. It is not.

Med Jets itself requests, in the alternative, that if the Court concludes it is not a proper plaintiff-in-interpleader, the Court should realign it as a "claimant-defendant" because it is entitled to one or more benefits arising by virtue of the El Aguila policy. ECF No. 129 at 12 n.9. That designation tracks the language of § 1335(a)(1), which covers claimants who claim or may claim entitlement to benefits arising under a policy.

The claimant-defendant label is not perfect because Med Jets does not seek a direct payout to itself, but in the Court's view, it is the cleanest procedural designation. Med Jets claims a limited interest in the benefits of the policy, including the use of policy proceeds to defend and indemnify it against covered claims. Its interest is therefore aligned with the policy-benefits side of the case, not with the stakeholder role occupied by El Aguila.

Rule 21 authorizes the Court to correct that alignment without dismissing Med Jets. Fed. R. Civ. P. 21. Realignment also serves the practical needs of this case. It allows Med Jets to participate in matters concerning valuation, settlement, objections to proposed allocations, and equitable distribution of the policy proceeds. At the same time, it clarifies that Med Jets is not receiving broader interpleader protections and that this case remains limited to the distribution of the interpleaded policy proceeds.

The Court will therefore realign Med Jets as a claimant-defendant with a limited policy-benefits interest: Med Jets's participation shall be limited to issues concerning the interpleaded policy proceeds unless otherwise ordered.

## IV. CONCLUSION

The Motion to Dismiss Med Jets as a Plaintiff-in-Interpleader is denied. Med Jets has a sufficient policy-based interest in the El Aguila proceeds to remain in this case, but it is not properly aligned as a plaintiff-in-interpleader. The Court will realign Med Jets as a claimant-defendant based on its asserted interest in the benefits of the El Aguila policy. Nothing in this ruling discharges Med Jets from liability, caps Med Jets's potential liability at the policy limits, enjoins independent tort claims against Med Jets, or gives Med Jets a "bill of peace" beyond the interpleaded policy proceeds.

BY THE COURT:

_____
THE HONORABLE MIA ROBERTS PEREZ
United States District Court Judge

7